483 P.2d 238

The STATE of Utah, Plaintiff and Respondent,

v.

Gale Lee BOONE, Defendant and Appellant.

No. 12193.

Supreme Court of Utah.

March 24, 1971.

Robert VanSciver, of VanSciver, Florence, Hutchison & Sharp, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an indictable misdemeanor conviction for resisting an officer. Affirmed.

Defendant was arrested after,—by the words in his brief on appeal,—he had been observed to "commit numerous traffic violations culminating in a near collision with a vehicle driven by two women who attempted to make a right turn into a shopping center while the appellant was passing on the right." Admittedly, he knocked the officer unconscious in the process of arrest. The latter was named Richard William Timmerman. He was accompanied by his brother, William Eugene. Following the attack, defendant fled the scene and later was apprehended. He now says the flattened peace officer did not show his badge, and urged some other nonessentials. The complaint filed against him named William Eugene Timmerman as the resister,—obviously an error,—which was corrected along the way, to read William Timmerman. Defendant was identified by almost everyone in the vicinity. He urged error because 1) the name of the man assaulted who was rushed to the hospital to remain insensible for days at the hands of the defendant, was wrong in the complaint, 2) the "indictable" misdemeanor charge (under a state statute instead of under a similar county ordinance making it a simple misdemeanor to interfere with a police officer in the performance of his duty) was improper and 3) it was error not to afford defendant another preliminary hearing.

The defendant and his counsel well were aware who had been assaulted and their objections as to misnomer and preliminary hearing are highly technical and without merit. Their urgence about double jeopardy and being convicted under the statute carrying a greater penalty likewise are unmeritorious since it is bottomed on the fallacy that a town or city or county ordinance that parrots a state statute so as to make an act a municipal as well as a state offense, but with lesser penalty, somehow repeals or amends or abolishes the state penalty.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.